BURNS *vs.* HAYNES ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF NEW-ORLEANS.

Where the defendant was sued on his promissory note, and averred, that " the plaintiff was not the real and *bona fide* owner, and had no right to sue" : *Held*, that this is neither a dilatory, declinatory, or peremptory exception, but is considered an answer to the merits.

A judgment will be reversed for not containing the reasons upon which it is founded, as required by the constitution; but when the record enables the court to examine the case on its merits, it will render such judgment as ought to have been given by the court below.

The possession of a note endorsed in blank is *primâ facie* evidence of property in the plaintiff, sufficient to throw the burden of proof on the defendant. When the signature is not denied, the plaintiff is not bound to prove it.

This is an action against the maker and endorser of a promissory note, instituted originally in the City Court of New-Orleans. The note is endorsed in blank by the payee, and the plaintiff is the holder or endorsee.

The defendant pleaded, as an exception, that the plaintiff was "not the real and *bona fide* owner of the note sued on, and had no right to sue."

The cause was set for trial on a particular day, and the defendant notified thereof; but when the case was called for trial, the defendant's counsel objected, on the ground that by a rule of court exceptions should be tried on Saturdays only ; and that the point at issue was on the defendant's exception. The court overruled the objection, and directed the parties to proceed to trial, on the ground that the exception was virtually an answer. The defendant excepted, and from judgment rendered against him appealed to the Parish Court for the city and parish of New-Orleans.

The Parish Court affirmed the judgment of the City Court, rendered against the defendant for the amount of the note sued on ; from which he appealed to this court.

*Randall,* for the plaintiff.

*Bartlett,* for the defendant.

*Carleton, J.,* delivered the opinion of the court.

EASTERN DIST.
*December*, 1838.

BURNS
*vs.*
HAYNES ET AL.

This case originated in the City Court, where judgment was rendered against the defendant, Haynes, and being confirmed by the Parish Court, he appealed to this tribunal.

In the City Court, the defendant appeared and plead for exception, that " the plaintiff is not the real and *bona fide* owner of the note on which the suit is brought, and had no right to sue."

The judge of that court considered that plea as an answer to the merits, and refused to hear the parties on the day fixed by rule for the argument of exceptions.

We think the court did not err ; for if it be an exception at all, it is either *dilatory, declinatory,* or *peremptory.* It is not dilatory, for its object is not to retard but to defeat the action nor is it declinatory, for no objection is taken to the competency of the court ; nor is it said that another suit is pending between the same parties for the same cause of action, before a court of concurrent jurisdiction : nor is it pretended the action is extinguished, and, therefore, it cannot be a peremptory exception.

But the defendant contends, that the judgment of the Parish Court must be reversed, for not containing the reasons upon which it is founded : we assent to this position. The constitution is imperative ; and the judgment must, therefore, be reversed.

But this court have ruled, that whenever the record would enable them to examine into the merits of a cause, they would render such judgment as ought to have been given in the court below. 5 *Martin,* 201.

We think with the judge of the City Court, that possession of the note sued on, under an endorsement in blank, was *primâ facie* evidence of property in the plaintiff, and threw the burden of proof to the contrary, on the defendant ; and the signatures to the note not being denied, the plaintiff was not bound to prove them.

Where the defendant was sued on his promissory note, and averred that " the plaintiff was not the real and *bona fide* owner and had no right to sue:" *Held,* that this is neither a dilatory, declinatory or peremptory exception, but is considered an answer to the merits.

A judgment will be reversed for not containing the reasons upon which it is founded, as required by the constitution ; but when the record will enable the court to examine the case on its merits, it will render such judgment as ought to have been given by the court below.

The possession of a note endorsed in blank is *prima facie* evidence of property in the plaintiff, sufficient to throw the burden of proof on the defendant. When the signature is not denied, the plaintiff is not bound to prove it.

EASTERN DIST.
January, 1839.

It is, therefore, ordered, adjudged, and decreed, that the judgment of the Parish Court be avoided and reversed ; and, proceeding to render such judgment as ought to have been given by that court, it is further ordered and decreed, that the plaintiff recover of the defendant, Haynes, the sum of four hundred and fifty dollars, with legal interest from 27th February, 1837, until paid, together with three dollars costs of protest, and the costs of suit in the Parish and City Courts, the plaintiff and appellee paying the costs of appeal.

